No. 8859.
Orleans Appeal.

---

### OCTAVE MONTAGNET v. PAUL L. FOURCHY.

(March 2, 1925, Opinion and Decree.)
(March 30, 1925, Rehearing Refused.)
(May 26, 1925, Decree Supreme Court.
Writ of Certiorari and Review refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Builders and Build ings—Par. 24.**
Where the owner of properties which have been repaired under a verbal agreement is sued for a balance due for costs of said repairs and for certain commissions, he is estopped from claiming defects in the work done or from questioning the prices charged therefor, when it is shown that no serious objections were raised to the work or the price, and that several payments on account of the price were made by the owner a year or more after the work was completed and accepted.

2. **Louisiana Digest—Appeal—Par. 625.**
On issues of fact, the conclusions of the trial judge will seldom be disturbed.

Appeal from the Civil District Court for the Parish of Orleans, Div. "D", Hon. Porter Parker, Judge.

This is a suit for the price of repairs to a building and for commission thereon..

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Gustave A. Llambias, attorney for plaintiff and appellee.

Paul L. Fourchy, S. F. Gautier, attorneys for defendant and appellant.

BELL, J. Plaintiff sues defendant for the price of material and labor and for certain commissions claimed to be due him as a contractor employed to repair the residence and other properties of the defendant. The total amount originally due appears to have been $3,486.64, against which credits for certain partial payments have been allowed in the sum of $2,780.80, leaving a balance now claimed amounting to $705.84. There was judgment for this amount and defendant has appealed.

The petition sets forth with sufficient clearness the several properties of the defendant and the nature of the repairs thereon, as well as the respective costs of repairing each piece of property. The main repairs are shown to have been done on defendant's residence, and a commission of ten per cent has been charged on the total cost of this particular work.

The exceptions of vagueness and of no cause of action having been properly overruled by the trial judge, defendant has answered by denying all of the allegations contained in plaintiff's petition, except that he admits having paid plaintiff on account,

as above stated, but claiming to have made such payments in error.

It is then averred by way of special defense that if any work was in fact done by plaintiff, same was not done in workmanlike and competent manner, nor were the materials, if furnished, of proper grade or size. It is further charged, by way of defense, that plaintiff removed from defendant's premises sheets of galvanized iron and several loads of lumber, all of which are valued at two hundred dollars; and finally that plaintiff is indebted to defendant in the sum of three hundred dollars, for professional services rendered to the plaintiff, the defendant herein being an attorney at law. For recovery of these amounts, defendant reserves the right to file supplemental answer and reconventional demand. No such answer or demand has been made, nor has any proof been offered to show any removal of property from defendant's premises, except debris, consisting of old lumber and old slate, which plaintiff admits he gave away to those who would remove it.

There is no serious defense to this suit, and the judgment appealed from is eminently fair and proper. The record shows that plaintiff made extensive repairs, particularly to defendant's own home, and that all of these repairs were authorized by defendant. Defendant admits having resided in his house while the repairs were going on. He thus had abundant opportunity to observe the work, the nature and kind of materials and the number of laborers employed and every detail incident to the repairs. He admits that the work began about July of 1916 and it required from four to six months to complete the work. He does not deny that the bills for the work were submitted to him shortly after the completion of the job, and yet there is nothing in the record to show that he ever complained seriously about any of the work or of the price charged therefor until the institution of this suit in December of 1918.

We find that in January, 1918, after frequent demands made upon defendant, both by plaintiff and plaintiff's attorney, defendant commenced to make payments on account and continued so to do until September of the same year. Both plaintiff and his attorney swear that at no time during the year 1918, or at any time previous thereto, did defendant make any complaint or interpose any objection to the charges set forth in the bills now sued upon. Defendant himself, though he alleges by way of defense, that these payments were made in error, has abandoned all effort to prove such a fact.

Plaintiff's counsel, sworn as a witness in this case, has testified that the plaintiff put the original claim, amounting to $3,486.64, in witness' hands for collection, and that he notified the defendant of this fact and requested payment. Defendant then began for the first time to make payments on account, not to witness, however, but to plaintiff directly, and that after several partial payments, which ultimately totalled $2,780.80, witness called at defendant's office and asked him for a payment of the balance now sued upon; that defendant, without ever having complained of the work or of the prices charged, stated to witness that he had a check the payment of which had been stopped by the bank, and requested witness to go with him to the bank for the purpose of verifying this statement; that witness and defendant, going to the bank, found that payment of the check had been temporarily withheld, but it was out of the proceeds of this check that defendant had offered to pay the balance due to witness, and that defendant never objected to pay the witness what was then due and which now forms the amount sued for.

The defendant, taking the stand on his own behalf, has denied that any such interview occurred between plaintiff's attorney and himself, and persists that he cannot recall or remember any such visit to the bank or any such arrangement attempted to be made by him for the payment of the balance due. The trial judge who heard these witnesses has evidently determined for himself as to the probability of the story, and we are not disposed to take any different view than the trial judge seems to have entertained concerning this evidence. The fact that more than two years elapsed from completion of the work to the first payment made on account by defendant without objection or protest, and the fact that no question as to the total price charged for the work done was ever raised except after suit brought, and other circumstances surrounding this case, convince us that the judgment of the trial court is correct and that same should be affirmed.

It is, therefore, ordered that the judgment herein appealed from be and the same is hereby affirmed, at defendant's costs in both courts.